UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>JOE CHRISTOPHER BRICE,<br><br>　　　　　　　　Defendant. | Case No.: 2:22-cr-00115-GMN-EJY<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE** |

　　　　Pending before the Court is the Motion for Compassionate Release, (ECF No. 95), filed by Defendant Joe Christoper Brice, and the Supplemental Motion for Compassionate Release, (ECF No. 97), filed by Defendant's counsel.  The Government filed a Response, (ECF No. 99), to which Defendant filed a Reply, (ECF No. 100), and a court requested Supplement, (ECF No. 101).  Because Defendant has met his burden of showing extraordinary and compelling reasons warranting his release, the Court GRANTS the Motions for Compassionate Release.

**I.　　BACKGROUND**

　　　　Defendant pleaded guilty to one count of Monetary Transactions in Criminal Derived Property in violation of 18 U.S.C. § 1957 & § 2. (Mins. Proceedings, ECF No. 52).  On February 18, 2025, the Court sentenced Defendant to 10 months imprisonment, followed by 12 months of supervised release. (*See* J., ECF No. 66).  Before he reported to prison, Defendant filed a motion to stay his self-surrender date of May 16, 2025, claiming a deteriorating medical condition.  Following briefing, the Court denied the stay and Defendant reported to prison, commencing his term of imprisonment on or about May 23, 2025.  Defendant now moves for compassionate release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) (explaining that it is the defendant's burden to establish his eligibility for compassionate release).

The Sentencing Commission issued guidelines regarding when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). The Guidelines note several relevant circumstances, including (1) the medical circumstances of the defendant; (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health;" (3) "[t]he death or incapacitation of the caregiver of the defendant's minor child;" (4) whether the defendant, while in custody, was the victim of sexual or physical abuse; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." *Id.*

## III. DISCUSSION

The parties do not dispute that Defendant has exhausted his administrative remedies. Accordingly, the Court turns to whether Defendant has shown extraordinary and compelling reasons warranting compassionate release. Defendant argues compassionate release is warranted for two reasons: (1) he suffers from terminal cancer; and (2) his age (64 years old), combined with his other chronic medical conditions (diabetes, neuropathy, high blood pressure, chronic pain), when taken together with his Stage IV cancer diagnosis qualify as extraordinary and compelling "other reasons" further supporting compassionate release. (*See generally* Suppl. Mot. Compassion, ECF No. 97). Defendant requests that his term of imprisonment be modified to time served and he be released.

The Government does not oppose Defendant's Motion for Compassionate Release, but requests to modify the terms of his supervised release. (Resp. 5:2, 7:7–9, ECF No. 99). The Government requests that the Court concurrently modify Defendant's terms and conditions of supervised release to include home detention for the unserved time. (*Id.* 7:8–9 (citing 18 U.S.C. § 3582 (c)(1)(A))). It also asks the Court to require Defendant to obtain prompt medical care for his reported condition and provide updates to the Court via his supervising probation officer.[1] (*Id.* 7:10–12). Lastly, the Government requests that if the terms and conditions are so modified, the Court should concurrently extend the term of supervised release to accommodate the change. Defendant agrees to the Government's requested modifications. (*See* Reply 7:16–23, ECF No. 100).

Accordingly, Defendant's Motions for Compassionate Release are GRANTED because (1) the motion is unopposed, (2) the Court finds that Defendant has met his burden to show that "extraordinary and compelling reasons" warrant compassionate release for the reasons

---

[1] The Court will not modify the terms of supervised release to mandate or require Defendant to obtain medical care, however he should provide updates about his medical condition to the Court via the probation officer.

articulated in the briefing and supplements, and (3) release is warranted pursuant to the 18 U.S.C. § 3553(a) factors.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motions for Compassionate Release, (ECF No. 95 and 97), are **GRANTED**.  Defendant is **ORDERED** released on December 22, 2025, to allow the United States Probation Office adequate time to prepare for Defendant's release.

**IT IS FURTHER ODERED** that Defendant's terms of supervised release are modified to include a provision for home confinement as follows:

> **Home Confinement with Location Monitoring** – You will be monitored by the form of location monitoring technology indicated below for a period of 90 days, and you must follow the rules and regulations of the location monitoring program.  You must pay the costs of the program.  The choice of which location monitoring technology is used will be left to the discretion of the probation officer.  This form of location monitoring technology will be used to monitor the following restriction on your movement in the community: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

**IT IS FURTHER ORDERED** that a three-month extension is added to Defendant's original one year term of supervised release to reflect the three-month period of home confinement.

**DATED** this ___3___ day of December, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court